UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2009-184 (WOB-JGW)

KSPED, LLC                                                    PLAINTIFF

VS.                    MEMORANDUM OPINION AND ORDER

VIRGINIA SURETY
COMPANY, INC.                                                 DEFENDANT

This matter is before the court on defendant's motion for partial summary judgment (Docs. 56). The Court concludes that oral argument on this motion is unnecessary.

*Factual and Procedural Background*

In this action, plaintiff, the Kentucky Speedway, LLC ("the Speedway"), sought coverage under a commercial general liability policy issued by defendant for costs that the Speedway paid in the defense and settlement of a wrongful death action filed against it, and others, by the estate of a woman who was killed while riding in a vehicle driven by a friend who had been served alcohol at the Speedway on August 15, 2004.

Although the Speedway demanded defense and indemnification from defendant in that underlying action ("the *Bivens* action"), defendant denied coverage based on a liquor liability exclusion in the policy. The Speedway

thereafter brought this action, asserting: (1) breach of insurance contract and (2) bad faith under the Kentucky Unfair Claims Settlement Practice Act.

Both parties filed motions for summary judgment on the breach of contract claim. After argument, this Court held that the liquor liability exclusion was ambiguous and thus had to be construed in the Speedway's favor.[1] The Court ruled that defendant owed a duty of defense and indemnification to the Speedway and, on April 14, 2011, it issued an order granting summary judgment to the Speedway on the breach of contract claim.

Defendant then filed a motion for certification of appealability, pursuant to Fed. R. Civ. P. 54(b), and a motion to stay the bad faith claim pending appeal. The Court denied those motions, ordered limited discovery on the bad faith claim, and set a dispositive motion deadline on the bad faith claim. (Doc. 46).

---

[1] The exclusion is triggered only where the insured is "in the business of manufacturing, distributing, or selling, serving or furnishing alcoholic beverages." The Court held: "Viewing the above language favorably to the insured, the court cannot say with certainty that the Speedway is in the 'business' of manufacturing, distributing, or selling, serving or furnishing alcoholic beverages, particularly where the policy does not define 'business.' See Auto-Owners [Ins. v. Veterans of Foreign War Post 5906], 276 S.W.3d [298,] 301 (finding identical clause to be ambiguous as applied to VFW which made alcohol available to guests)." (Doc. 35 at 2).

Defendant's motion for summary judgment on the bad faith claim is now ripe.

## *Analysis*

**A.  Bad Faith Claim**

In order to prevail on a claim for bad faith under Kentucky law, an insured must prove the following elements: (1) the insurer must be obligated to pay the claim under the terms of the policy; (2) the insurer must lack a reasonable basis in law or fact for denying the claim; and (3) it must be shown that the insurer either knew there was no basis for denying the claim or acted with reckless disregard for whether such basis existed.  *United Serv. Auto. Ass'n v. Bult*, 183 S.W.3d 181, 186 (Ky. App. 2003) (citing *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)).  Stated differently, the evidence must be such that it would support an award of punitive damages.  *Id.*

The evidence here does not support a finding of bad faith.  Although this Court held that the liquor liability clause is ambiguous, the record reflects that the insurer had a reasonable basis for believing that the exclusion barred the Speedway claim and that it did not act recklessly in denying the claim.

It is not disputed that the *Bivens* lawsuit alleged, *inter alia*, that the Speedway was in a "joint venture" to

3

sell and/or serve alcoholic beverages, that it breached a duty to ensure that intoxicated patrons were not overserved, and that its breach proximately caused the decedent's death. These allegations create a reasonable basis for reading the complaint as triggering the liquor liability exclusion.

Moreover, upon receipt of the *Bivens* claim, defendant assigned the matter to its managing general underwriter, who reviewed the case and, in turn, recommended that it be forwarded to outside counsel to determine whether coverage existed. Defendant retained such counsel who, after reviewing the file and conducting legal research[2], opined that the *Bivens* claim implicated the liquor liability exclusion and that coverage was precluded. Defendant thereafter refused plaintiff's request for defense and indemnification.

Given the above undisputed facts, no reasonable juror could find that defendant acted in bad faith under Kentucky law.

---

[2] It should be noted that, at the time this research was undertaken, there was no Kentucky authority on point. The case on which this Court relied in finding the liquor liability clause to be ambiguous was not decided until 2009.

4

## B. Judgment

Following the Court's prior ruling on coverage, the parties submitted proposed judgments. (Docs. 36, 38). The parties appear to agree that the total of plaintiff's recoverable defense costs is $84,518.00. The parties also state that this amount is "liquidated." The Court disagrees. *See generally Travelers Prop. Cas. Co. of Am. v. Hillerich & Bradsby Co., Inc.*, 598 F.3d 257, 275 (6th Cir. 2010) (citing *Nucor Corp. v. General Elec., Co.*, 812 S.W.2d 136, 141 (Ky. 1991)). Nonetheless, the Court has discretion to award prejudgment interest even on unliquidated amounts, *id.*, and both parties' proposed judgments allow for such interest.

Finally, both parties propose that postjudgment interest be calculated at 12%, presumably under Kentucky law. This is incorrect because postjudgment interest in diversity cases such as this is calculated pursuant to 28 U.S.C. § 1961(a). *See, e.g., F.D.I.C. v. First Heights Bank, FSB*, 229 F.3d 528, 542 (6th Cir. 2000) (citation omitted). Under the applicable Treasury rates, postjudgment interest here will thus be calculated at .16%.

5

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that defendant's motion for partial summary judgment (Doc. 56) be, and is hereby, **GRANTED**. A separate judgment shall enter concurrently herewith.

This 14th day of August, 2012.



Signed By:
*William O. Bertelsman* WOB
United States District Judge